IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COREAN FREEMAN,
    *Plaintiff*,

v.

VOLVO GROUP NORTH AMERICA, LLC,
    *Defendant*

Case No. 24-cv-1067-ABA

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Corean Freeman has sued Volvo Group North America, LLC ("Volvo") for discrimination based on sex and race. But the underlying merits of those claims are not currently before the Court. Instead, Volvo has moved for summary judgment arguing that Ms. Freeman lacks standing to bring her claims against it and that judicial estoppel should bar the claims because Ms. Freeman, who filed for Chapter 7 bankruptcy in 2020, failed to list them as an asset in her bankruptcy case. For the reasons that follow, the Court will deny the motion for summary judgment and will stay the case pending a determination by the bankruptcy trustee whether to prosecute these claims.

**Factual and Procedural Background**

    On May 21, 2018, Volvo hired Ms. Freeman, an African American woman, as a transitional worker at Volvo's powertrain facility, which manufactures vehicle engines and transmissions. ECF No. 7 ¶¶ 13–14. Ms. Freeman alleges that she was then rejected for a permanent position for which she had applied, and contends the reason for her rejection was her race and/or her sex. *Id.* ¶¶ 22–32. Ms. Freeman filed a charge of

discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 18, 2020. ECF No. 28-3. Volvo terminated her employment in March 2020. ECF No. 7 ¶ 36.

On August 22, 2020, about five months after her termination, Ms. Freeman filed a Chapter 7 bankruptcy case in the Northern District of West Virginia. ECF No. 28-4. In Schedule A/B of her bankruptcy petition, Ms. Freeman was required to disclose all property, including "[c]laims against third parties, whether or not [she] filed a lawsuit or made a demand for payment." *Id.* at 14. Ms. Freeman asserted that she did not have any such claims. *Id.* Likewise, in the Statement of Financial Affairs filed with her petition, she answered "no" to the question, "[w]ithin 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" *Id.* at 40. Ms. Freeman also did not disclose her EEOC claims against Volvo during a meeting with the trustee and creditors pursuant to 11 U.S.C. § 341. ECF No. 28-6. Based on that meeting, the trustee concluded that "there is no property available for distribution from the estate over and above that exempted by law," and Ms. Freeman received a bankruptcy discharge. ECF No. 28-7.

Ms. Freeman received her right to sue letter from the EEOC in January 2024. ECF No. 7 ¶ 7. She filed this case on April 11, 2024. ECF No. 1. Volvo filed the instant motion for summary judgment, arguing that (1) Ms. Freeman lacks standing to bring the suit because the claims belong to the bankruptcy estate, and (2) because Ms. Freeman failed to list her claims against Volvo as an asset in her bankruptcy, her claims should be barred by judicial estoppel. ECF No. 28. This Court has stayed discovery while the motion is pending. ECF No. 30. Ms. Freeman filed a response to the motion for summary judgment and a motion to abate in which she acknowledged that "the claims

2

against Defendants correctly belong to the bankruptcy estate" and "the bankruptcy trustee is the only party with standing to prosecute this action." ECF No. 33 at 2. In her response and motion, Ms. Freeman alleged that her EEOC claim was filed without the help of an attorney and that "[t]he lack of . . . disclosure of the pending EEOC claim during the bankruptcy proceedings was due solely to Plaintiff's lack of understanding of the claims process within the EEOC." *Id.* at 3. Ms. Freeman stated that she would move to reopen the bankruptcy case so that the trustee could be substituted as the real party in interest. *Id.* She therefore asked the Court to stay the case in the meantime rather than grant Volvo summary judgment. *Id.* at 4. Volvo then filed a reply. ECF No. 34.

Thereafter, Ms. Freeman moved in the bankruptcy court to reopen her bankruptcy case. ECF No. 36. She contended that she originally failed to disclose her EEOC complaint because "she did not consider it to be a lawsuit or a potential lawsuit for the recovery of money." ECF No. 36 at 1. She asserted this was an "innocent non-disclosure" because at the time she filed her EEOC claim she was still employed by Volvo, and at that time, she "had no intent or expectation of a monetary recovery via the EEOC filing," and "[j]ust wanted the EEOC to order Volvo to cease the asserted discriminating activity." *Id.* She continued that because her current lawsuit against Volvo "is based on a prepetition event, the reopening of Debtor's bankruptcy and proper disclosure of the matter as a potential asset is now necessary for the discrimination lawsuit to proceed for the benefit of Debtor and her creditors." *Id.* The United States Trustee also filed a motion to reopen the case, explaining that it had "received information regarding a pre-petition employment discrimination lawsuit that was filed post-petition that requires this bankruptcy case to be reopened so that a chapter 7 trustee can administer this asset." 20-bk-00653 (N.D. W.Va.), ECF No. 17. The

3

bankruptcy court granted the Trustee's motion after concluding that the Trustee had shown good cause to reopen the case and denied Ms. Freeman's motion as moot. ECF No. 37; 20-bk-00653 (N.D. W. Va.), ECF No. 26. Ms. Freeman moved to amend her petition schedules to add the claims against Volvo, which was granted by the bankruptcy court judge. 20-bk-00653 (N.D. W.Va.), ECF Nos. 29 & 35.

## Discussion

As stated, Volvo has moved for summary judgment on the grounds that Ms. Freeman lacks standing to assert her employment discrimination claims because those claims are part of her bankruptcy estate, and that, in any event, she should be judicially estopped from asserting her claims because she originally stated in her bankruptcy petition that she had no such claims. Ms. Freeman has acknowledged that Volvo is correct on the first issue and has reopened her bankruptcy case so that the Trustee can decide whether to pursue the claims. She disputes that judicial estoppel should bar her claims, however.

Judicial estoppel is an equitable doctrine. *King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998). "Typically, judicial estoppel is reserved for cases where the party to be estopped" (1) "has taken a later position that is 'clearly inconsistent' with her earlier one," (2) "has persuaded a court to adopt the earlier position," and (3) has "'*intentionally* misled the court to gain unfair advantage,' and not when 'a party's prior position was based on inadvertence or mistake.'" *Martineau v. Wier*, 934 F.3d 385, 393 (4th Cir. 2019) (quoting first *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) and then *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995)).

4

Volvo argues that Ms. Freeman took a clearly inconsistent position by first claiming in her bankruptcy petition that she had no claims against Volvo and then by bringing this lawsuit. It further argues that the bankruptcy court relied on her original statement that she had no such claims when it adjudicated the bankruptcy and granted her a discharge. Finally, Volvo argues that Ms. Freeman's change in positions was intentional and designed to defraud because, among other things, (1) this was not Ms. Freeman's first bankruptcy and in a previous 2007 bankruptcy she knew to disclose legal proceedings and did so, *see* ECF No. 28-2 at 7 (Ms. Freeman disclosing a collections case in which she was a defendant), (2) she was represented by counsel in both bankruptcies, (3) her current claims were actually pending with the EEOC (rather than being hypothetical) when she represented to the bankruptcy court that she had no claims, (4) she made the representation multiple times in response to specific questions in the bankruptcy petition, and (5) she had a clear motive for her non-disclosure: to obtain a discharge while simultaneously seeking to recover damages from this lawsuit that would otherwise be property of her bankruptcy estate.

As stated, after Volvo filed its motion for summary judgment, Ms. Freeman and then the United States Trustee moved to have her bankruptcy case reopened and her claims against Volvo added as an asset to the bankruptcy estate. The bankruptcy court granted the Trustee's motion. ECF No. 37. Recently, the Fourth Circuit indicated that these developments may show that, for judicial estoppel purposes, the position Ms. Freeman took in the bankruptcy case is no longer inconsistent with her current position, and that because the bankruptcy court granted the motion to reopen, it is no longer relying on her original incorrect position. Below, the Court discusses these estoppel factors as well as the final factor, whether the debtor intentionally mislead the courts.

In *Martineau*, the plaintiff neglected to include in her bankruptcy petition possible tort claims. 934 F.3d at 388. After the plaintiff received a bankruptcy discharge, she brought a suit for those claims and the defendants alleged that judicial estoppel should bar them. *Id.* at 388–89. In discussing judicial estoppel in this context, the Fourth Circuit first held that, in connection with the last factor regarding whether the plaintiff intentionally misled the courts, there is no *presumption* of intentional bad faith conduct simply because a debtor had knowledge of the facts underlying undisclosed possible claims or a motive for their concealment. *Id.* at 394–96. A court must consider "the 'specific factual context[ ]' of a case, rather than 'any general formulation' or 'inflexible' rule or standard." *Id.* at 394 (quoting *New Hampshire*, 532 U.S. at 750–51). The Fourth Circuit continued that "it [was] not clear that Martineau 'derive[d] an unfair advantage or impose[d] an unfair detriment,' on the defendants through her initial nondisclosure," given that she ultimately did present those claims during the bankruptcy process. *Id.* at 397.

Regarding the first two elements of judicial estoppel, the *Martineau* court then concluded that once the plaintiff "reopened her bankruptcy proceedings and corrected her disclosures," it was "at least arguable that she was taking the *same* position . . . before both courts," namely "that she had valid legal claims against the defendants," and that "by accepting the amended disclosures and granting a new discharge," the bankruptcy court "was no longer crediting the initial position." *Id.* The Fourth Circuit also noted that "[a]t least one court has determined that under these circumstances, 'two of the three primary [judicial estoppel] factors are no longer met.'" *Id.* (quoting *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 275 (9th Cir. 2013)). The

6

*Martineau* court then remanded the case for the district court to address those questions. *Id*.

On remand, the district court concluded that the fact that Martineau "reopen[ed] her bankruptcy case and disclose[d] her claims" meant that "two out of three [judicial estoppel] factors . . . suggest[ed] judicial estoppel should not be applied" because she was "no longer taking inconsistent factual positions, and the bankruptcy court ultimately did not accept Plaintiff's initial position." *Martineau v. Wier*, 485 F. Supp. 3d 637, 645 (D.S.C. 2020), *aff'd*, No. 20-2035, 2022 WL 2387073 (4th Cir. July 1, 2022). As a result, the district court concluded that the plaintiff would "not have any unfair advantage, and Defendants [would] suffer no unfair detriment if Plaintiff [was] not estopped." *Id*. The district court acknowledged that "allowing such late disclosure to the bankruptcy court might promote a public policy that encourages nondisclosure unless and until a debtor is caught having concealed assets," but concluded that was "sufficiently counterbalanced by potentially severe penalties associated with concealment of assets in bankruptcy in the first instance." *Id*. (internal quotation marks omitted).

This Court is persuaded by the reasoning of the Fourth Circuit and district court in *Martineau*. Because the bankruptcy court allowed Ms. Freeman to reopen her case to include her claims against Volvo as an asset, she has no longer taken a position in the bankruptcy case that is inconsistent with her position in this case, and thus at this time no court is relying on an inconsistent position. Thus she also has not made an intentional misrepresentation that would provide her with an unfair advantage. *Martineau*, 934 F.3d 397. Even if the first two judicial estoppel factors were present, viewing the facts in the light most favorable to Ms. Freeman, the Court concludes that

7

Volvo has not met its burden at summary judgment of establishing that she initially *intentionally* misrepresented to the bankruptcy court that she had no legal claims. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (providing that the party moving for summary judgment bears the burden of demonstrating the absence of any genuine dispute of material fact); *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021) (explaining that in deciding a motion for summary judgment, "courts must view the evidence in the light most favorable to the nonmoving party"). Therefore, Ms. Freeman is not judicially estopped from maintaining her current claims against Volvo.

## ORDER

For these reasons, it is ORDERED that Volvo's motion for summary judgment (ECF No. 28) is DENIED. Ms. Freeman's motion to abate (ECF No. 33) is GRANTED and the case is STAYED until further order of the Court. The parties shall provide a joint status report every 30 days starting October 27, 2025.

Date:  September 24, 2025                    /s/
                                              Adam B. Abelson
                                              United States District Judge